# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF OHIO
## WESTERN DIVISION

| | |
|---|---|
| GERALD THOMPSON,<br>    Plaintiff, | Case No. 1:14-cv-935 |
| vs | Dlott, J.<br>Bowman, M.J. |
| OHIO DEP'T OF REHABILITATION<br>AND CORRECTION, et al.,<br>    Defendants. | **ORDER AND REPORT<br>AND RECOMMENDATION** |

Plaintiff, an inmate at the Southern Ohio Correctional Facility (SOCF), brings this civil rights action under 42 U.S.C. § 1983.  In his *pro se* complaint, as amended by a subsequent complaint filed on December 22, 2014,[1] plaintiff names as defendants the Ohio Department of Rehabilitation and Correction (ODRC), SOCF's Warden, a "mental health" physician at SOCF, and four SOCF correctional officers.  (*See* Doc. 1, pp. 1-2, at PAGEID#: 1-2; Doc. 5, p. 4, at PAGEID#: 40).  By separate Order, plaintiff has been granted leave to proceed *in forma pauperis* pursuant to 28 U.S.C. § 1915.  This matter is before the Court for a *sua sponte* review of the complaint, as amended, to determine whether the complaint, or any portion of it, should be dismissed because it is frivolous, malicious, fails to state a claim upon which relief may be granted or seeks monetary relief from a defendant who is immune from such relief.  *See* Prison Litigation Reform Act of 1995 § 804, 28 U.S.C. § 1915(e)(2)(B); § 805, 28 U.S.C. § 1915A(b).  Also pending before the Court is plaintiff's motion for preliminary injunction or temporary restraining order, which was filed on December 22, 2014.  (Doc. 7).

In enacting the original *in forma pauperis* statute, Congress recognized that a "litigant whose filing fees and court costs are assumed by the public, unlike a paying litigant, lacks an

---

[1] The plaintiff is allowed to amend his complaint once as a matter of course at this early stage in the proceedings.  *See LaFountain v. Harry*, 716 F.3d 944, 951 (6th Cir. 2013).  The complaint filed on December 22, 2014 is construed as such an amendment to the original complaint.

economic incentive to refrain from filing frivolous, malicious, or repetitive lawsuits." *Denton v. Hernandez,* 504 U.S. 25, 31 (1992) (quoting *Neitzke v. Williams,* 490 U.S. 319, 324 (1989)). To prevent such abusive litigation, Congress has authorized federal courts to dismiss an *in forma pauperis* complaint if they are satisfied that the action is frivolous or malicious. *Id.*; *see also* 28 U.S.C. §§ 1915(e)(2)(B)(i) and 1915A(b)(1). A complaint may be dismissed as frivolous when the plaintiff cannot make any claim with a rational or arguable basis in fact or law. *Neitzke v. Williams,* 490 U.S. 319, 328-29 (1989); *see also Lawler v. Marshall*, 898 F.2d 1196, 1198 (6th Cir. 1990). An action has no arguable legal basis when the defendant is immune from suit or when plaintiff claims a violation of a legal interest which clearly does not exist. *Neitzke,* 490 U.S. at 327. An action has no arguable factual basis when the allegations are delusional or rise to the level of the irrational or "wholly incredible." *Denton,* 504 U.S. at 32; *Lawler,* 898 F.2d at 1199. The Court need not accept as true factual allegations that are "fantastic or delusional" in reviewing a complaint for frivolousness. *Hill v. Lappin*, 630 F.3d 468, 471 (6th Cir. 2010) (quoting *Neitzke*, 490 U.S. at 328).

Congress also has authorized the *sua sponte* dismissal of complaints that fail to state a claim upon which relief may be granted. 28 U.S.C. §§ 1915 (e)(2)(B)(ii) and 1915A(b)(1). A complaint filed by a *pro se* plaintiff must be "liberally construed" and "held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (per curiam) (quoting *Estelle v. Gamble,* 429 U.S. 97, 106 (1976)). By the same token, however, the complaint "must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)); *see also Hill*, 630 F.3d at

2

470-71 ("dismissal standard articulated in *Iqbal* and *Twombly* governs dismissals for failure to state a claim" under §§ 1915A(b)(1) and 1915(e)(2)(B)(ii)).

"A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678 (citing *Twombly*, 550 U.S. at 556). The Court must accept all well-pleaded factual allegations as true, but need not "accept as true a legal conclusion couched as a factual allegation." *Twombly*, 550 U.S. at 555 (quoting *Papasan v. Allain*, 478 U.S. 265, 286 (1986)). Although a complaint need not contain "detailed factual allegations," it must provide "more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Iqbal*, 556 U.S. at 678 (citing *Twombly*, 550 U.S. at 555). A pleading that offers "labels and conclusions" or "a formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. at 555. Nor does a complaint suffice if it tenders "naked assertion[s]" devoid of "further factual enhancement." *Id.* at 557. The complaint must "give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." *Erickson*, 551 U.S. at 93 (citations omitted).

Plaintiff brings this § 1983 action against the following defendants: ODRC; SOCF's Warden, Don Morgan; "Mr. Ford," a "mental health" physician at SOCF; and SOCF correctional officers "Mr. Sears," "Mr. Henderson," "Mr. Russ," and "Mr. Gilford." (*See* Doc. 1, pp. 1-2, at PAGEID#: 1-2; Doc. 5, p. 4, at PAGEID#: 40). The 27-page complaint, as amended, is rambling and extremely difficult to follow. Construing the complaint liberally, it appears that plaintiff is complaining about many things that have occurred since he was placed in the ODRC's custody in April 2002, including the propriety of his criminal prosecution and conviction, the general conditions of his confinement, and his alleged mistreatment by prison staff and inmates at the

3

various prisons in which he has resided over the past several years. (See Doc. 1, pp. 2-27, at PAGEID#: 2-27; *see also* Doc. 5, p. 5, at PAGEID#: 41). Plaintiff alleges that he has been the victim of assaults by both inmates and guards since the time he was incarcerated in April 2002 and that he has only been able to "find safety" when placed in "critical suicide cells." (Doc. 1, p. 2, at PAGEID#: 2; *see also* Doc. 5, p. 5, at PAGEID#: 41). Plaintiff claims that prison "mental health staff" utilized his strategy to obtain safety as a means to improperly profile him as "antisocial, paranoid, psychotic" and that his "hiding out in suicide cells" also led to his "taking 'any' & 'all' psych medication that would ease [his] pain & . . . anguish." (Doc. 1, pp. 2-3, at PAGEID#: 2-3). Plaintiff further alleges that because of his "high profile" criminal case, he has been improperly designated as a violent sexual predator, "psycho cannibal murderer of white women," which "caused mental health to put [him] on the case load." (Doc. 1, p. 2, at PAGEID#: 2; Doc. 5, p. 5, at PAGEID#: 41). Plaintiff generally asserts that "from 4-22-02 unto this very day, I have been told over & over day in to day out that I am a "n_gger" sicko psycho cannibal & stalking rapo of innocent white women by C.O.(s) staff and provoked inmates." (Doc. 1, pp. 22-23, at PAGEID#: 22-23; see also Doc. 5, p. 5, at PAGEID#: 41). He claims that as a result of all that he has endured in the prison system over the past several years, where he is now classified as "C1 status-mentally retarded," he has "giv[en] up, becoming suicidal"; has "confess[ed] to crime(s) [he] could never ever do"; has "haunting dreams about killing people and other savage acts [he] can not believe '[his] mind' could even fathom"; and has bouts of "vertigo,. . . convulsions, head rushes, black outs [and] seizures." (Doc. 1, pp. 5, 22-24, at PAGEID#: 5, 22-24; *see also* Doc. 5, p. 5, at PAGEID#: 41).

However, despite the numerous allegations cited above, the following are the only

4

assertions contained in the complaint that specifically pertain to the individuals named as defendants in the instant action: (1) on July 15, 2014, defendant Gilford whistled at plaintiff "before, during and after the Ramadan fast breaking meal" and stated, "We use[d] to hang you niggers from trees, now we feed you in cages"; (2) on an unknown date, defendant Henderson handcuffed and assaulted plaintiff in retaliation for plaintiff's filing grievances against Henderson based on an allegedly "false conduct report" that Henderson wrote to cover up an assault committed against plaintiff by the "Aryan Brother[s]"; (3) on or about September 22, 2013, defendant Russ deceived plaintiff into "getting nude in a strip cage," sprayed plaintiff's face and body with "hot burning mace for no reason," and then locked plaintiff naked in a "suicide cell . . . with no shower"; (4) on or about December 20, 2013, defendant Henderson assaulted plaintiff with handcuffs, "cutting [plaintiff's] wrists"; (5) defendant Sears has trained correctional officers in K4 to engage in the "rituals of whistling, gate slamming and racist epithets & cannibal treatment" directed at plaintiff, and as captured on camera on November 14 and 15, 2014, slammed plaintiff's tray and whistled while coercing and/or coaching other inmates to "scream[] out dog barking sounds." (*See* Doc. 1, pp. 3-4, 17-20 at PAGEID#: 3-4.17-20). Finally, plaintiff alleges that defendant Morgan placed him in K4, a "specially designed unit for the most chronic mentally retard[ed]" inmates, "of which Dr. Ford is the over seer." (*Id.*, pp. 21-22, at PAGEID#: 21-22) (emphasis in original).[2]

As relief, plaintiff requests $75,000 in both compensatory and punitive damages from each defendant and the issuance of an order requiring that he be "sent to protective custody

---

[2] It is noted that plaintiff has also generally claimed that although he was about to be dropped "from C1 status mental health case load" because he had gone for "a long time" with "no incident(s) and no psych[] meds," he was "coerced to get back on psych[] meds" due to "stress, duress & hardship" from a "set up" assault by unnamed "I.D.R." correctional officers, which resulted in injury to his shoulder. (Doc. 1, p. 21, at PAGEID#: 21). In that allegation, plaintiff did not mention any of the named defendants.

5

A.S.A.P." and that he receive "unbiased mental health care" and treatment for his "head spinning/vertigo convulsions/seizures black outs." (*Id.*, p. 26, at PAGEID#: 26; Doc. 5, p. 6, at PAGEID#: 42). Plaintiff has also filed a motion for a temporary restraining order or preliminary injunction requesting, among other things, that the defendants and others acting in concert with the defendants be enjoined from "encouraging any & all guards and staff to harm" him and from "setting [him] up & covering up present and future assaults by security threat groups such as the Aryan Brotherhood, heartless felons & crips, of whom [the defendants] constant[ly] provoke into violence against [him] by telling any & all of [those inmates] that [plaintiff] brutally killed [his] wife and ate her as cannibal" and that plaintiff is "a snitch who went to protective custody for being an informant who 'wore a wire' on [his] ex cellmate at [Warren Correctional Institution]." (Doc. 7).

At this juncture, the Court concludes that plaintiff may proceed with a cause of action for damages against defendant Henderson to the extent that plaintiff has alleged that Henderson used excessive force against him on December 20, 2013 and on another occasion handcuffed and assaulted him in retaliation for exercising his First Amendment right to file grievances. Plaintiff also may proceed with a cause of action for damages against defendant Russ to the extent that plaintiff has alleged that Russ violated his Eighth Amendment rights in an incident that allegedly occurred on September 22, 2013 when plaintiff was forced to strip naked, was maced and then locked up naked with no shower to wash off the mace. *See* 28 U.S.C. § 1915(e)(2)(B).

However, the complaint is subject to dismissal in all other respects. Moreover, plaintiff's motion for temporary restraining order/preliminary injunction should be denied.

First, plaintiff has failed to state an actionable claim against the ODRC because the

state agency is not a "person" or legal entity that may be sued under § 1983.  *See, e.g., McGlone v. Warren Corr. Inst.,* No. 1:13cv126, 2013 WL 1563265, at *3 (S.D. Ohio Apr. 12, 2013) (Bowman, M.J.) (Report & Recommendation) (and numerous cases cited therein) (holding that claims against a state prison and the ODRC should be dismissed at the screening stage because "neither the state prison facility nor the state corrections department is an entity capable of being sued under § 1983"), *adopted*, 2013 WL 2352743 (S.D. Ohio May 29, 2013) (Dlott, J.); *see also Hix v. Tennessee Dep't of Corr.,* 196 F. App'x 350, 355-56 (6th Cir. 2006) (and cases cited therein); *Rodgers v. Michigan Dep't of Corr.*, 29 F. App'x 259, 260 (6th Cir. 2002).  *Cf. Will v. Michigan Dep't of State Police*, 491 U.S. 58, 63-64, 71 (1989) (holding that "neither a State nor its officials acting in their official capacities are 'persons'" who may be held liable for constitutional violations in a § 1983 action).  Furthermore, to the extent that plaintiff seeks damages in the instant action, the Eleventh Amendment bars plaintiff's cause of action against the state agency defendant.  *McGlone*, *supra*, 2013 WL 1563265, at *3 (citing *Rodgers*, 29 F. App'x at 260); *see also Will*, 491 U.S. at 66-71; *Wingo v. Tennessee Dep't of Corr.*, 499 F. App'x 453, 454 (6th Cir. 2012).

Second, plaintiff's only allegations against defendants Gilford and Sears fail to state a cognizable federal claim under § 1983.  Plaintiff has essentially alleged that on one occasion, defendant Gilford harassed him by whistling at him and making a racist comment and that on another occasion, defendant Sears slammed his tray and whistled at him.  Plaintiff has further alleged that Sears trained other correctional officers to engage in "whistling, gate slamming and racist" derogatory comments directed at plaintiff and has coerced and encouraged other inmates to "scream[] out dog barking sounds" at plaintiff.  (*See* Doc. 1, pp. 3-4, 20 at

7

PAGEID#: 3-4, 20).  Although plaintiff has claimed the alleged verbal abuse and harassment of Gilford and Sears and others trained and coached by Sears have contributed to his emotional, psychological and physical problems and caused him to confess to crimes that he did not do, such conduct does not amount to a constitutional violation and, therefore, does not give rise to an actionable claim under § 1983.  *See, e.g., Wingo,* 499 F. App'x at 455 (6th Cir. 2012) (citing *Ivey v. Wilson*, 832 F.2d 950, 955 (6th Cir. 1987)); *see also Chilcott v. Erie Cnty. Domestic Relations*, 283 F. App'x 8, 11 (3rd Cir. 2008) (and Sixth, Fifth and Tenth Circuit cases cited therein).  *Cf. Johnson v. Unknown Dellatifa*, 357 F.3d 539, 545-46 (6th Cir. 2004) (affirming dismissal of § 1983 complaint against a correctional officer for failure to state a claim even though the complaint contained the following allegations amounting to "shameful and utterly unprofessional behavior" by the correctional officer:  the correctional officer continuously banged and kicked plaintiff's cell door, threw the plaintiff's food trays so hard that the top of the tray would fly off, made aggravating and insulting remarks to plaintiff, growled and snarled at plaintiff, smeared the plaintiff's window to prevent him from seeing out of it, behaved in a "racially prejudicial manner" toward the plaintiff and "intentionally harasse[d]" plaintiff "in an attempt to cause him to suffer a heart attack, stroke or nervous breakdown").

   Third, plaintiff's complaint, as amended, fails to state a plausible claim for relief under § 1983 against defendants Morgan and Ford.  Plaintiff has merely alleged that defendant Morgan placed him in a special unit designated for the most severely "mentally retard[ed]" inmates and that defendant Ford oversees that unit.  (*See* Doc. 1, pp. 21-22, at PAGEID#: 21-22).  No factual allegations have been made even remotely suggesting that the Morgan's

placement decision implicates constitutional concerns. *Cf. Harris v. Truesdell,* 79 F. App'x 756, 759 (6th Cir. 2003) (citing *Moody v. Daggett*, 429 U.S. 78, 88 n.9 (1976); *Meachum v. Fano*, 427 U.S. 215, 224 (1976)) (in affirming the dismissal of the prisoner's due process and Eighth Amendment claims, the Sixth Circuit pointed out that the prisoner had "no constitutional right to be held in a specific security classification"); *Norris v. Schauman*, Civil No. 3:13-0542, 2014 WL 3845165, at *1, *5 (M.D. Tenn. Aug. 5, 2014) ("Prisoners neither enjoy the constitutional right to a specific security classification, nor do they have the constitutional right to be incarcerated at a particular location when the classification and location do not impose an 'atypical and significant hardship on the inmate in relation to the ordinary incidents of prison life.'") (quoting *Sandin v. Conner*, 515 U.S. 472, 484 (1995); citing *Harbin-Bey v. Rutter*, 420 F.3d 571, 576-77 (6th Cir. 2005), *Moody* and *Meachum*); *Steed v. Berghuis*, No. 1:13cv845, 2013 WL 6047320, at *2 (W.D. Mich. Nov. 14, 2013) (holding that a prisoner challenging, among other things, a parole board's decisions concerning his classification, programming, housing management and security level placements failed to assert "a claim of constitutional magnitude because he does not have a cognizable liberty interest in classification, housing, security level placement, [and] access to prison programming").

Furthermore, to the extent that plaintiff seeks to bring claims against Morgan and Ford in their supervisory roles, respectively, as SOCF's Warden and as "overseer" of the special unit where plaintiff apparently now resides, plaintiff has failed to state a cognizable claim under § 1983. The doctrine of *respondeat superior* does not apply in § 1983 lawsuits to impute liability onto supervisory personnel. *Wingo*, 499 F. App'x at 455 (citing *Polk Cnty. v. Dodson*,

9

454 U.S. 312, 325 (1981)). Therefore, in the absence of any allegations that either Morgan or Ford were personally involved or acquiesced in a subordinate's unconstitutional conduct, plaintiff has failed to state a claim against those individuals upon which relief may be granted by this Court. *See id.* (citing *Dunn v. Tennessee*, 697 F.2d 121, 128 (6th Cir. 1982); *Bellamy v. Bradley*, 729 F.2d 416, 421 (6th Cir. 1984)). In addition, to the extent plaintiff seeks to hold Morgan and Ford liable based on their failure to prevent or investigate various acts of harassment, verbal abuse, retaliation and the use of excessive force directed against him, he still cannot prevail on any such claim absent allegations of "specific conduct" by Morgan or Ford indicating their "direct, active participation in the alleged misconduct." *See id. Cf. Belcher v. Warden, Southern Ohio Corr. Facility,* No. 1:12cv985, 2013 WL 122154, at *2 (S.D. Ohio Jan. 9, 2013) (Litkovitz, M.J.) (Report & Recommendation), *adopted*, 2013 WL 684738 (S.D. Ohio Feb. 25, 2013) (Weber, J.).

Finally, as discussed above, in his complaint, plaintiff complains about many other things that have occurred since he was placed in the ODRC's custody in April 2002, including the propriety of his criminal prosecution and conviction, the general conditions of his confinement, and his alleged mistreatment by prison staff and inmates at the various prisons in which he has resided over the past several years. (See Doc. 1, pp. 2-27, at PAGEID#: 2-27; *see also* Doc. 5, p. 5, at PAGEID#: 41). In the absence of allegations specifically indicating that a named defendant participated in any of those complained-about matters, plaintiff has failed to state a claim upon which relief may be granted. In any event, to the extent such claims are based on incidents that occurred more than two years prior to the filing of the instant action, plaintiff's cause of action is time-barred. *See, e.g., Browning v. Pendleton*, 869 F.2d 989, 992 (6th Cir. 1989) (holding that

the "appropriate statute of limitations for 42 U.S.C. § 1983 civil rights actions arising in Ohio is contained in Ohio Rev. Code § 2305.10, which requires that actions for bodily injury be filed within two years after their accrual"); *see also Wallace v. Kato*, 549 U.S. 384, 387 (2007) (and Supreme Court cases cited therein) (holding that the statute of limitations governing § 1983 actions "is that which the State provides for personal-injury torts"). Although the statute-of-limitations is an affirmative defense, when it appears clear on initial screening of the complaint that the action is time-barred, the complaint may be dismissed for failure to state a claim upon which relief may be granted. *See Jones v. Bock,* 549 U.S. 199, 215 (2007). *Cf. Fraley v. Ohio Gallia Cnty.*, No. 97-3564, 1998 WL 789385, at *1-2 (6th Cir. Oct. 30, 1998) (holding that the district court "properly dismissed" the *pro se* plaintiff's § 1983 civil rights claims under 28 U.S.C. § 1915(e)(2)(B) because the complaint was filed years after Ohio's two-year statute of limitations had expired); *Anson v. Corr. Corp. Of America,* No. 4:12cv357, 2012 WL 2862882, at *2-3 (N.D. Ohio July 11, 2012) (in *sua sponte* dismissing complaint under 28 U.S.C. § 1915(e), the court reasoned in part that the plaintiff's *Bivens* claims asserted "six years after the events upon which they are based occurred" were time-barred under Ohio's two-year statute of limitations for bodily injury).[3]

Accordingly, in sum, the undersigned concludes that all claims alleged by plaintiff in his complaint, as amended, are subject to dismissal on the ground that plaintiff has failed to state a claim upon which relief may be granted, except that plaintiff may proceed with limited claims

---

[3] It is further noted that to the extent plaintiff seeks to challenge his prosecution and conviction in the instant action, such a claim is subject to dismissal not only on statute-of-limitations grounds, but also because plaintiff has failed to state a viable claim under § 1983 given that a ruling in his favor would necessarily cast doubt on the validity of his state conviction and sentence. *See Heck v. Humphrey*, 512 U.S. 477, 487 (1994); *Cummings v. City of Akron*, 418 F.3d 676, 682-83 (6th Cir. 2005); *Schilling v. White*, 58 F.3d 1081, 1085-86 (6th Cir. 1995).

for damages against defendants Henderson and Russ based on (1) Henderson's alleged use of excessive force against plaintiff on December 20, 2013 and alleged assault of plaintiff on another occasion in retaliation for plaintiff's exercising his First Amendment right to file grievances; and (2) Russ's alleged violation of plaintiff's Eighth Amendment rights in an incident that occurred on September 22, 2013.

In addition, the undersigned **RECOMMENDS** that plaintiff's motion for temporary restraining order/preliminary injunction (Doc. 7) be **DENIED**. The same factors are considered in determining whether to grant a request for either a temporary restraining order or a preliminary injunction. *Ohio Republican Party v. Brunner*, 543 F.3d 357, 361 (6th Cir. 2008). Those factors are:

1. Whether the party seeking the injunction has shown a "strong" likelihood of success on the merits;

2. Whether the party seeking the injunction will suffer irreparable harm absent the injunction;

3. Whether an injunction will cause others to suffer substantial harm; and

4. Whether the public interest would be served by the issuance of the injunction.

*Id.*; *see also Leary v. Daeschner*, 228 F.3d 729, 736 (6th Cir. 2000); *United Food & Commercial Workers Union, Local 1099 v. Southwest Ohio Regional Transit Authority*, 163 F.3d 341, 347 (6th Cir. 1998); *Southern Milk Sales, Inc. v. Martin*, 924 F.2d 98, 103 n.3 (6th Cir. 1991). The four factors are not prerequisites, but must be balanced as part of a decision to grant or deny injunctive relief. *Leary,* 228 F.3d at 736; *Performance Unlimited v. Quester Publishers, Inc.*, 52 F.3d 1373, 1381 (6th Cir. 1995). A preliminary injunction or temporary restraining order is an

12

extraordinary remedy that should only be granted if the movant carries his burden of proving that the circumstances clearly demand it. *Leary*, 228 F.3d at 739.

This Court finds that plaintiff has not alleged facts sufficient to warrant a temporary restraining order or preliminary injunction. The undersigned has concluded that most of plaintiff's claims should be dismissed at the screening stage and has only allowed plaintiff to proceed on claims for damages against two of the defendants based on isolated incidents that occurred in the past at SOCF. Plaintiff, therefore, has failed to show he has a substantial likelihood of success on the merits of his constitutional claims, or that he will suffer irreparable harm absent a preliminary injunction. In any event, a temporary restraining order or preliminary injunction is not warranted in this case because the purpose for granting such relief—to preserve the status quo until a trial on the merits can be held, *see Martin*, 924 F.2d at 102—would not be served. According to plaintiff, the present status quo is that he has suffered numerous violations of his constitutional rights. The remedy plaintiff presently seeks is more than an injunction maintaining the status quo; he seeks an Order from this Court requiring defendants to affirmatively correct constitutional deficiencies yet to be proven. Such affirmative relief is generally beyond the scope and purpose of preliminary injunctive relief. *See id.*

**IT IS THEREFORE RECOMMENDED THAT:**

1. The following causes of action alleged in the complaint, as amended (Docs. 1, 5), be **DISMISSED** on the ground that plaintiff has failed to state a claim upon which relief may be granted by this Court: (1) plaintiff's claims against defendants ODRC, Gilford, Sears, Morgan and Ford; and (2) any claim not specifically tied to any of the named defendants in this action, which stem from plaintiff's numerous general allegations complaining about a variety of matters,

including the propriety of his criminal prosecution and conviction, the general conditions of his confinement, and treatment by prison staff and inmates over the course of the nearly fifteen-year period in which he has been incarcerated in various prisons in Ohio.

  2.  It is **FURTHER RECOMMENDED** that plaintiff may proceed with limited claims for damages against defendants Henderson and Russ based on (1) Henderson's alleged use of excessive force against plaintiff on December 20, 2013 and alleged assault of plaintiff on another occasion in retaliation for plaintiff's exercising his First Amendment right to file grievances; and (2) Russ's alleged violation of plaintiff's Eighth Amendment rights in an incident that occurred on September 22, 2013.

  3. Plaintiff's motion for temporary restraining order or preliminary injunction (Doc. 7) be **DENIED**.

## IT IS THEREFORE ORDERED THAT:

  1. The United States Marshal shall serve a copy of the complaint, summons, the separate Order issued this date granting the plaintiff *in forma pauperis* status, and this Order and Report and Recommendation upon the following defendant SOCF correctional officers as directed by plaintiff, with costs of service to be advanced by the United States: "Mr. Henderson" and "Mr. Russ."

  2. Plaintiff shall serve upon defendants or, if appearance has been entered by counsel, upon defendants' attorney(s), a copy of every further pleading or other document submitted for consideration by the Court. Plaintiff shall include with the original paper to be filed with the Clerk of Court a certificate stating the date a true and correct copy of any document was mailed to defendants or their counsel. Any paper received by a district judge or magistrate judge which

has not been filed with the Clerk or which fails to include a certificate of service will be disregarded by the Court.

     3. Plaintiff shall inform the Court promptly of any changes in his address which may occur during the pendency of this lawsuit.

                                  *s/Stephanie K. Bowman*
                                  Stephanie K. Bowman
                                  United States Magistrate Judge

# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF OHIO
# WESTERN DIVISION

GERALD THOMPSON,  
    Plaintiff,

vs

OHIO DEP'T OF REHABILITATION  
AND CORRECTION, et al.,  
    Defendants.

Case No. 1:14-cv-935

Dlott, J.  
Bowman, M.J.

## NOTICE

Pursuant to Fed. R. Civ. P. 72(b), any party may serve and file specific, written objections to this Report & Recommendation ("R&R") within **FOURTEEN (14) DAYS** after being served with a copy thereof.  That period may be extended further by the Court on timely motion by either side for an extension of time.  All objections shall specify the portion(s) of the R&R objected to, and shall be accompanied by a memorandum of law in support of the objections.  A party shall respond to an opponent's objections within **FOURTEEN DAYS** after being served with a copy of those objections.  Failure to make objections in accordance with this procedure may forfeit rights on appeal.  *See Thomas v. Arn,* 474 U.S. 140 (1985); *United States v. Walters,* 638 F.2d 947 (6th Cir. 1981).

cbc