# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF OHIO
## WESTERN DIVISION

| | |
|---|---|
| GERALD THOMPSON,<br>    Plaintiff, | Case No. 1:14-cv-935 |
| vs | Dlott, J.<br>Bowman, M.J. |
| OHIO DEP'T OF REHABILITATION<br>AND CORRECTION, et al.,<br>    Defendants. | SUPPLEMENTAL REPORT<br>AND RECOMMENDATION |

On January 9, 2015, the undersigned issued an Order and Report and Recommendation upon *sua sponte* review of the plaintiff's *pro se* complaint as supplemented by a complaint filed on December 22, 2014, which was construed as an amendment to the original complaint permitted once as a matter of course at that early stage in the proceedings. (*See* Doc. 11, p. 1, n.1, at PAGEID#: 97) (citing *LaFountain v. Harry*, 716 F.3d 944, 951 (6th Cir. 2013)). In the January 9, 2015 decision, the undersigned recommended that all of plaintiff's claims be dismissed for failure to state a claim upon which relief may be granted, except to the extent that plaintiff was permitted to proceed with limited claims for damages against two of the named defendants--Southern Ohio Correctional Facility (SOCF) correctional officers "Mr. Henderson" and "Mr. Russ," based on (1) Henderson's alleged use of excessive force against plaintiff on December 20, 2013 and alleged assault of plaintiff on another occasion in retaliation for plaintiff's exercising his First Amendment right to file grievances; and (2) Russ's alleged violation of plaintiff's Eighth Amendment rights in an incident that occurred on September 22, 2013. (*See id.*, p. 6, at PAGEID#: 102). The undersigned also recommended that plaintiff's initial motion for temporary restraining order/preliminary injunction filed on December 22, 2014

(Doc. 7) be denied.  (*See id.*, pp. 12-13, at PAGEID#: 108-09).

This matter is now before the Court on a second motion for temporary restraining order/preliminary injunction (Doc. 9), which was filed by plaintiff on January 8, 2015 prior to the issuance of the January 9, 2015 Order and Report and Recommendation, as well as two additional "Supplemental Complaint[s]" (Docs. 15, 17) filed by plaintiff, respectively, on January 26, 2015 and February 17, 2015.

As an initial matter, it is **RECOMMENDED** that plaintiff's "Supplemental Complaint(s)" (Docs. 15, 17) be stricken from the record and that plaintiff not be allowed to supplement the complaint, which he has already been permitted to amend once as a matter of course, with both the pleadings that were filed on January 26, 2015 and February 17, 2015 and any further supplements to the complaint that he may later seek to file in this action.  To the extent that plaintiff has alleged the same claims that were previously asserted in the *pro se* complaint, as amended by the subsequent pleading filed on December 22, 2014, the undersigned has already addressed those claims in the January 9, 2015 Order and Report and Recommendation that is currently pending before the District Court judge.  Moreover, plaintiff should not be permitted to continue to add to his complaint, creating new causes of action against new defendants, after having once been allowed to do so *and* after issuance of the undersigned's January 9, 2015 Order and Report and Recommendation and service of process on the claims against defendants Henderson and Russ that have been allowed to proceed.

It is **FURTHER RECOMMENDED** that plaintiff's second motion for temporary restraining order/preliminary injunction (Doc. 9) be **DENIED**.  For the reasons stated in the January 9, 2015 Order and Report and Recommendation (*see* Doc. 11, pp. 12-13, at PAGEID#:

108-09), plaintiff has not demonstrated that such affirmative relief is warranted in this case.

**IT IS SO RECOMMENDED.**

*s/Stephanie K. Bowman*
Stephanie K. Bowman
United States Magistrate Judge

## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF OHIO
## WESTERN DIVISION

GERALD THOMPSON,  
    Plaintiff,

vs

OHIO DEP'T OF REHABILITATION  
AND CORRECTION, et al.,  
    Defendants.

Case No. 1:14-cv-935

Dlott, J.  
Bowman, M.J.

### NOTICE

Pursuant to Fed. R. Civ. P. 72(b), any party may serve and file specific, written objections to this Report & Recommendation ("R&R") within **FOURTEEN (14) DAYS** after being served with a copy thereof.  That period may be extended further by the Court on timely motion by either side for an extension of time.  All objections shall specify the portion(s) of the R&R objected to, and shall be accompanied by a memorandum of law in support of the objections.  A party shall respond to an opponent's objections within **FOURTEEN DAYS** after being served with a copy of those objections.  Failure to make objections in accordance with this procedure may forfeit rights on appeal.  *See Thomas v. Arn,* 474 U.S. 140 (1985); *United States v. Walters,* 638 F.2d 947 (6th Cir. 1981).

cbc