UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

GERALD THOMPSON,

    Plaintiff,

vs.

OHIO DEP'T OF REHABILITATION
AND CORRECTION, et al.,

    Defendants.

Case No. 1:14-cv-935

Dlott, J.
Bowman, M.J.

**REPORT AND RECOMMENDATION**

This matter is now before the Court on Plaintiff's fifth request for a preliminary injunction (Doc. 30) and motion to amend the complaint. (Doc. 34). Upon review of Plaintiff's motions, as well as the record as a whole, the undersigned finds that Plaintiff's motions are not well-taken.

On January 9, 2015, the undersigned issued an Order and Report and Recommendation upon *sua sponte* review of the plaintiff's *pro se* complaint as supplemented by a complaint filed on December 22, 2014, which was construed as an amendment to the original complaint permitted once as a matter of course at that early stage in the proceedings. (*See* Doc. 11, p. 1, n.1) (citing *LaFountain v. Harry*, 716 F.3d 944, 951 (6th Cir. 2013)). In the January 9, 2015 decision, the undersigned recommended that all of plaintiff's claims be dismissed for failure to state a claim upon which relief may be granted, except to the extent that plaintiff was permitted to proceed with limited claims for damages against two of the named defendants--Southern Ohio Correctional Facility (SOCF) correctional officers "Mr. Henderson" and "Mr. Russ,"

based on (1) Henderson's alleged use of excessive force against plaintiff on December 20, 2013 and alleged assault of plaintiff on another occasion in retaliation for plaintiff's exercising his First Amendment right to file grievances; and (2) Russ's alleged violation of plaintiff's Eighth Amendment rights in an incident that occurred on September 22, 2013.  (*See id.*, p. 6, at PAGEID#: 102).  The undersigned also recommended that plaintiff's initial motion for temporary restraining order/preliminary injunction filed on December 22, 2014 (Doc. 7) be denied.  (*See id.*, pp. 12-13).

Plaintiff then filed a second motion for temporary restraining order/preliminary injunction (Doc. 9), which was filed on January 8, 2015 prior to the issuance of the January 9, 2015 Order and Report and Recommendation, as well as two additional "Supplemental Complaint[s]" (Docs. 15, 17) on January 26, 2015 and February 17, 2015, respectively.  The undersigned then issued a supplemental Report and Recommendation that plaintiff's "Supplemental Complaint(s)" (Docs. 15, 17) be stricken from the record and that plaintiff not be allowed to supplement the complaint, which he has already been permitted to amend once as a matter of course, with both the pleadings that were filed on January 26, 2015 and February 17, 2015 and any further supplements to the complaint that he may later seek to file in this action.  It was further recommended that plaintiff's second motion for temporary restraining order/preliminary injunction be denied for the same reasons stated in the January 9, 2015 Order and Report and Recommendation. (*See* Doc. 11, pp. 12-13).

Thereafter, Plaintiff filed additional motions seeking temporary restraining orders (Docs. 20, 23), as well as another motion to supplement his complaint.  (Doc.

2

26). On June 29, 2015, the Court denied Plaintiff's motions. The Court noted that Plaintiff's motions sought the same relief as his prior motions that were found to be without merit. (*See* Docs. 11, 21). Notably, Plaintiff already had a chance to supplement his Complaint.

Plaintiff's instant motions seek the same relief as his previous motions. This Court has already determined that Plaintiff should not be allowed to repeatedly supplement his complaint to add new allegations. Additionally, the Court has already determined that Plaintiff's request for preliminary in junction should be denied as a matter of law. (Doc. 11 at 12-13).

Accordingly, it is herein **RECOMMENDED** that Plaintiff's motion for a preliminary injunction and/or temporary restraining order (Doc. 30) be **DENIED**. It is further **RECOMMENDED** that Plaintiff's motion to amend the complaint (Doc. 34) be **DENIED**.

*s/Stephanie K. Bowman*
Stephanie K. Bowman
United States Magistrate Judge

3

**UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION**

| | |
|---|---|
| GERALD THOMPSON,<br>    Plaintiff, | Case No. 1:14-cv-935 |
| vs | Dlott, J.<br>Bowman, M.J. |
| OHIO DEP'T OF REHABILITATION<br>AND CORRECTION, et al.,<br>    Defendants. | |

**NOTICE**

Pursuant to Fed. R. Civ. P. 72(b), any party may serve and file specific, written objections to this Report & Recommendation ("R&R") within **FOURTEEN (14) DAYS** after being served with a copy thereof. That period may be extended further by the Court on timely motion by either side for an extension of time. All objections shall specify the portion(s) of the R&R objected to, and shall be accompanied by a memorandum of law in support of the objections. A party shall respond to an opponent's objections within **FOURTEEN DAYS** after being served with a copy of those objections. Failure to make objections in accordance with this procedure may forfeit rights on appeal. *See Thomas v. Arn,* 474 U.S. 140 (1985); *United States v. Walters,* 638 F.2d 947 (6th Cir. 1981).

4